■ ALAN FLESHER et al., Appellants-Respondents, v. ADELE GOLDBERG, Also Known as ADELE SHAPOLSKY, et al., Respondents-Appellants.— Order entered September 13, 1965, unanimously modified on the law to dismiss the first and fourth causes of action of the complaint and, as so modified, affirmed, without costs or disbursements and with leave, however, to plaintiffs to apply to Special Term to serve an amended complaint on proper papers. (*Andlou Props.* v. *Grayck*, 24 A D 2d 716; *Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827; CPLR 3211, subd. [e].) In the first cause of action plaintiffs seek to rescind the purchase by them from one of the defendants of a second mortgage dated September 2, 1964. The amount due on the mortgage was $46,000 and the purchase price was $14,750. This cause of action contains allegations of a conspiracy among the codefendants and other unnamed persons with the resulting sale of the mortgaged premises at an inflated price which was alleged to be false and fraudulent. Lastly, it is alleged that the second mortgage " has been in default since February, 1965." Significantly, the date of the sale and assignment of the mortgage is not stated. Thus, it is difficult to determine whether the action is based on fraud, conspiracy or some breach of an agreement or a combination of all three. If it had been intended to base the cause on a breach of the agreement then there should be factual allegations that such breach was so willful or so substantial and fundamental as to tend strongly to defeat the object of the parties in making the contract. (5 Carmody-Wait 2d, New York Practice, § 29:945.) All of this may possibly be clarified by repleading. The fourth cause of action realleges by reference a portion of the first cause and further alleges breach of an agreement by defendants to prosecute a pending action to declare void a chattel mortgage against the mortgaged premises. Damages are sought for the balance due on the mortgage. In stating such a cause of action it is requisite that the circumstances constituting the wrong shall be stated in detail (CPLR 3016, subd. [b]). It is difficult to surmise the basis of plaintiffs' claim but in any event surmise is insufficient — facts must be alleged to set forth clearly the cause of action. (*Swift* v. *Chester Carbon Co.*, 223 App. Div. 808; 5 Carmody-Wait 2d, New York Practice, § 29:733.) Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ.